UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lawson Products, Inc.,

    Plaintiff,

v.                   Civil No. 12-2882 (JNE/TNL)
                    ORDER
James Scott Anderson, James R. Roy, and Bruce
Winter,

    Defendants.

  Lawson Products, Inc., brought this action against three former sales agents—James Anderson, James Roy, and Bruce Winter—for breach of contract. Lawson claims that Anderson, Roy, and Winter breached non-solicitation agreements by soliciting sales from and making sales to the same customers to which they sold products during the last year of their association with Lawson. The case is before the Court on Lawson's motion for a preliminary injunction.[1] For the reasons set forth below, the Court grants the motion.

*Background*

  Lawson is one of several competitors in the maintenance, repair, and operations (MRO) market. It sells and distributes products and services such as fastening systems, cutting tools, chemicals, abrasives, and related products to customers throughout the United States. Lawson's customers operate in a wide variety of industries, such as automotive repair, commercial vehicle maintenance, government, manufacturing, food processing, construction, oil and gas services, and mining.

---

[1] Before hearing Lawson's motion for a preliminary injunction, the Court entered a temporary restraining order and extended it, with the parties' consent, through the ruling on the motion for a preliminary injunction.

Anderson worked for Lawson as a sales agent from 1999 to October 2012. In July 2008, Lawson and Anderson entered into an Agreement with Independent Sales Agent. It contained the following non-solicitation agreement:

> During the term of this Agreement and for a period of eighteen (18) months following termination thereof, whether by himself or by [Lawson], for whatever reason and whether for cause or without cause, [Anderson] shall not, directly or indirectly, for or on behalf of himself or any person, firm or entity, solicit orders from or sell to any customer whom or which he solicited or sold to on behalf of [Lawson] during the last twelve (12) months of his relationship with [Lawson], any products competitive to the Products distributed by [Lawson]. Products competitive to the Products distributed by [Lawson] are those which are substantially similar to, or which serve substantially similar functions as, or which compete directly or indirectly with, those Products distributed by [Lawson].

Roy worked for Lawson as a sales agent from 1987 to October 2012. In July 2008, Roy and Lawson entered into an Agreement with Independent Sales Agent. It contained a non-solicitation agreement that was the same as the one in the agreement between Anderson and Lawson.

Winter worked for Lawson as a sales agent from 2006 to November 2012. In July 2008, Winter and Lawson entered into an Agreement with Independent Sales Agent. It also contained a non-solicitation agreement that was the same as the one in the agreement between Anderson and Lawson.

In 2012, Lawson extended offers of employment to Anderson, Roy, and Winter.[2] They declined the offers and left Lawson. After leaving Lawson, Anderson, Roy, and Winter went to work for GMS Industrial Supplies, Inc., one of Lawson's competitors. On GMS's behalf, Anderson, Roy, and Winter solicited sales from and sold products to customers that they had previously served on Lawson's behalf. The products competed with those distributed by

---

[2] Anderson, Roy, and Winter were, according to Lawson, independent contractors. Anderson, Roy, and Winter, however, claimed that they were Lawson's employees.

Lawson. After learning of the alleged breaches of the non-solicitation agreements, Lawson brought this action. Lawson now moves for a preliminary injunction.

*Preliminary injunction*

In deciding whether to grant a motion for a preliminary injunction, a court considers: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). To demonstrate a likelihood of success on the merits, a plaintiff must demonstrate a "fair chance of prevailing." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc). A preliminary injunction is an extraordinary remedy. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The movant bears the burden of establishing the *Dataphase* factors. *CDI Energy Servs., Inc. v. W. River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir. 2009).

The Agreements with Independent Sales Agent that Anderson, Roy, and Winter executed in July 2008 contain the following clause: "This Agreement has been accepted by [Lawson] in Illinois, and shall be construed, interpreted and performed in accordance with the laws of the State of Illinois, without regard to the choice of law or conflict of law principles thereof." For present purposes, the Court assumes that Illinois law applies. *See Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 567-68 (8th Cir. 1982).

"[A] restrictive covenant will be upheld if it contains a reasonable restraint and the agreement is supported by consideration." *Reliable Fire Equip. Co. v. Arredondo*, 965 N.E.2d 393, 396 (Ill. 2011). "A restrictive covenant, assuming it is ancillary to a valid employment relationship, is reasonable only if the covenant: (1) is no greater than is required for the

protection of a legitimate business interest of the employer-promisee; (2) does not impose undue hardship on the employee-promisor, and (3) is not injurious to the public." *Id.*

At this preliminary stage of the litigation, the Court concludes that Lawson has demonstrated a likelihood of success on the merits of its claims for breach of contract against Anderson, Roy, and Winter. The non-solicitation agreements are no greater than are required to protect a legitimate business interest of Lawson in its customer relationships. *See id.* 397-98. The non-solicitation agreements do not impose undue hardship on Anderson, Roy, and Winter, who will be able to call on the accounts they serviced on Lawson's behalf after a reasonable time and who remain free to solicit sales without geographical restriction in a territory filled with other potential customers. The non-solicitation agreements are not injurious to the public. Customers remain free to purchase from GMS, Lawson, or any other vendor in the market. The non-solicitation agreements are supported by adequate consideration under Illinois law; Anderson, Roy, and Winter continued to work for Lawson for several years after executing the agreements in July 2008. *See Curtis 1000, Inc. v. Suess*, 24 F.3d 941, 945-47 (7th Cir. 1994); *Brown & Brown, Inc. v. Mudron*, 887 N.E.2d 437, 440-41 (Ill. App. Ct. 2008). On GMS's behalf, Anderson, Roy, and Winter have sold competitive products to accounts to which the non-solicitation agreements apply.

Based on Anderson's, Roy's, and Winter's ongoing breaches of their non-solicitation agreements, the Court concludes that Lawson has demonstrated a threat of irreparable harm absent injunctive relief. *See Hess Newmark Owens Wolf, Inc. v. Owens*, 415 F.3d 630, 632-33 (7th Cir. 2005); *Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361, 1371 (8th Cir. 1991).

The Court concludes that the balance of harms weighs in favor of Lawson. A preliminary injunction will not prevent Anderson, Roy, or Winter from working for GMS or in the MRO

industry. Anderson, Roy, and Winter will be able to call on the accounts that they serviced for Lawson after a reasonable time, and they have available to them countless other potential customers.

Finally, although post-employment restrictive covenants are carefully scrutinized, *Baird & Warner Residential Sales, Inc. v. Mazzone*, 893 N.E.2d 1010, 1014 (Ill. App. Ct. 2008), reasonable restrictive covenants are upheld, *Reliable Fire Equip.*, 965 N.E.2d at 396. Enforcement of the non-solicitation agreements here serves the public interest in enforcing valid contracts. *See Prairie Eye Ctr., Ltd. v. Butler*, 713 N.E.2d 610, 615 (Ill. App. Ct. 1999) ("The trial court was concerned enforcing the covenant will inhibit trade. An equally important public policy in Illinois is the freedom to contract.").

Having reviewed the *Dataphase* factors, the Court concludes that a preliminary injunction is appropriate. The Court limits the duration of the preliminary injunction to six months.[3] *Cf. Rathmann Grp. v. Tanenbaum*, 889 F.2d 787, 790 (8th Cir. 1989) ("An order that grants the plaintiff all the relief it ultimately may be entitled to and that makes no provision for further hearings is a permanent injunction."). The preliminary injunction shall take effect upon the posting of a bond in the amount of $30,000 by Lawson. *See* Fed. R. Civ. P. 65(c).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Lawson's motion for a preliminary injunction [Docket No. 44] is GRANTED.

---

[3] Acknowledging that the Pretrial Scheduling Order set December 1, 2013, as the deadline to complete fact discovery, April 1, 2014, as the deadline to complete expert discovery, and September 1, 2014, as the ready-for-trial date, the Court informs the parties that a trial of Lawson's claims for breach of contract, as well as Defendants' counterclaims, could begin on July 15, 22, or 29, 2013. If the parties wish to avail themselves of a July 2013 trial, then they shall inform the Court in writing within one week of the date of this Order.

2. With regard to any products that compete with those distributed by Lawson Products, James Scott Anderson shall not directly or indirectly solicit orders from or sell to any customer that he solicited or sold to on behalf of Lawson Products during the last twelve months of his relationship with Lawson Products.

3. With regard to any products that compete with those distributed by Lawson Products, James R. Roy shall not directly or indirectly solicit orders from or sell to any customer that he solicited or sold to on behalf of Lawson Products during the last twelve months of his relationship with Lawson Products.

4. With regard to any products that compete with those distributed by Lawson Products, Bruce Winter shall not directly or indirectly solicit orders from or sell to any customer that he solicited or sold to on behalf of Lawson Products during the last twelve months of his relationship with Lawson Products.

5. This Order shall become effective upon the posting of a bond by Lawson in the amount of $30,000.

6. This Order shall expire six months after the date of its entry, unless the Court orders otherwise.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 2, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge